```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSEPH FRYE,

                Plaintiff,
                                        MEMORANDUM AND ORDER
        - against -
                                         15 Civ. 5348 (NRB)
BENJAMIN F. LAGERSTROM, a.k.a
BENJAMIN IRISH, and DIANACOLLV, INC.,

                Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

On August 31, 2017, this Court granted, <u>inter alia</u>, plaintiff Joseph Frye's motion for summary judgment on liability against the defendant Benjamin Lagerstrom. Mem. and Order, ECF No. 214. The Court subsequently issued its Memorandum and Order addressing relief, granting, in part, plaintiff's motion for both equitable and monetary relief. Mem. and Order, June 27, 2018, ECF No. 226. Judgment in the amount of $33,371.98 was entered, and the Court permanently enjoined defendant from "from infringing [plaintiff]'s copyright in 'Homeless'" and ordered defendant "to forthwith destroy all copies of all 'Homeless' footage in his possession or control." Judgment, June 28, 2018, ECF No. 227. On July 20, 2018, the defendant filed a notice of appeal from that judgment. Notice of Appeal, ECF No. 230. Presently before the Court is the defendant's motion for a

stay of the execution of the judgment pending his appeal without the posting of a bond. Def.'s Mot. for Stay of Execution of J. Pending Appeal ("Def.'s Mot."), July 9, 2018, ECF No. 229. For the following reasons, we deny the defendant's motion.

## II. DISCUSSION

A party moving for a stay of the execution of a judgment pending appeal must do so pursuant to Rule 62 of the Federal Rules of Civil Procedure ("FRCP").[1] Fed. R. Civ. P. 62. "Rule 62, read in its entirety, reflects the federal policy of providing a judgment creditor with security during the pendency of an appeal." FDIC v. Ann-High Assocs., No. 97-6095, 1997 WL 1877195, at *2 (2d Cir. Dec. 2, 1997). Motions to stay the execution of judgments for injunctive relief are governed by subsection (c), which states that a court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). A stay pending appeal for a judgment granting injunctive relief is "not a matter of right," but rather "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Nken

---

[1] Defendant moved for a stay "pursuant to Rule 8 of The Federal Rules of Appellate Procedure." Def.'s Mot. 1, ECF No. 229. Because Rule 8 of the Federal Rules of Appellate Procedure does not apply to motions for stay filed in this Court, we will construe defendant's motion under the applicable subsections of FRCP Rule 62. See Whitehaven S.F., LLC v. Spangler, No. 13 Civ. 8476 (ER), 2014 WL 5510860, at *1 n.2 (S.D.N.Y. Oct. 31, 2014).

2

v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian R. Co., 272 U.S. 658, 672-673 (1926)).

Subsection (d) applies where a movant seeks to stay the execution of a money judgment and allows an appellant to obtain a stay by posting a court-approved supersedeas bond. Fed. R. Civ. P. 62(d). Courts in the Second Circuit may exercise their discretion and modify or waive Rule 62(d)'s supersedeas bond requirement "if the appellant provides acceptable alternative means of securing the judgment." In re Nassau Cty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (citation omitted).

While courts may therefore issue discretionary stays under either subsection, the factors that courts in this Circuit consider when assessing motions made pursuant to Rule 62(c) differ in important respects from the factors that courts consider when determining motions made pursuant to Rule 62(d). In their briefing, the parties conflate these two distinct analytical frameworks, addressing the defendant's motion solely under the test applicable to Rule 62(c) motions. Because the parties' approach is inconsistent with Second Circuit precedent and the FRCP, the Court will construe the defendant's request for a stay under Rule 62(c) insofar as it relates to the portion of the judgment granting injunctive relief and under Rule 62(d) insofar as it relates to the money judgment.

**A. Judgment Granting Injunctive Relief**

We consider the following factors in determining whether to issue a stay pending appeal pursuant to Rule 62(c): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." SEC v. Citigroup Glob. Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012).

Of these factors, the first two "are the most critical." Nken, 556 U.S. at 434-35. While the requisite degree of likelihood of success under this test "var[ies] according to the court's assessment of the other [stay] factors," Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) (internal quotation marks and citation omitted), demonstrating a mere possibility of success, or that an appellant's chances on appeal are "better than negligible," is insufficient. Nken, 556 U.S. at 434. Similarly, with respect to the second factor, "simply showing some possibility of irreparable injury" is insufficient. Id. at 434-435 (internal quotation marks and citation omitted).

Here, the Court finds the defendant's likelihood of success on appeal to be exceedingly remote. Despite the defendant's contentions that this case "has never been about [plaintiff]'s copyright," Def.'s Reply to Pl.'s Opp. Mot. ("Def.'s Reply") 5,

4

Aug. 17, 2018, ECF No. 236, it has, in fact, always been about the plaintiff's copyright, and the defendant has admitted that he created and published videos comprised in part of footage from the filming of the plaintiff's copyrighted material. Mem. and Order 8, ECF No. 214. In an effort to justify his admitted use of plaintiff's copyrighted material, the defendant largely rehashes unconvincing and implausible arguments that this Court has already rejected – most notably that the First Amendment permits the defendant to use the footage at issue, and that plaintiff has been engaged in a sweeping conspiracy to defraud and falsely imprison the defendant. Id. at 8-10. The Court reiterates that copyright laws do not violate the First Amendment, see Eldred v. Ashcroft, 537 U.S. 186, 219-21 (2003), and the defendant has not established any of the elements of a "fair use" defense. Mem. and Order 9, ECF No. 214. Further, there is no support for the notion that plaintiff is engaged in a conspiracy to harm the defendant. Defendant's arguments are as unpersuasive in support of his motion to stay as they were in opposition to plaintiff's motion for summary judgment.[2]

---

[2]   We decline to consider defendant's stated intention to introduce new evidence and arguments on appeal, as "an appellate court will not consider an issue raised for the first time on appeal." See Ironshore Specialty Ins. Co. v. Eidos Partners, LLC, No. 13 Civ. 8434 (KBF), 2014 WL 3405029, at *2 (S.D.N.Y. July 7, 2014) (quoting Conrpagnie Noga D'Importation Et D'Exportation S.A. v. Russian Fed'n, 350 F. App'x 476, 477 (2d Cir. 2009)); see also Fed. R. App. P. 10(a).

The Court also finds that the defendant has failed to make the requisite showing of irreparable injury. Defendant claims that the injunctive relief at issue would "have the effect of forcing a defendant to cease or substantially curtail its normal operations and would restrain his/her speech." Mot. to Stay. 14, ECF No. 229. However, "it is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F. 3d 275, 287 (2d Cir. 2012) (quoting WPIX, Inc. v. ivi, Inc., 765 F. Supp. 2d 594, 621 (S.D.N.Y. 2011)). Further, as discussed above, the defendant's consistent violations of plaintiff's copyright are not examples of speech protected by the First Amendment. See also Universal City Studios, Inc. v. Reimerdes, 82 F. Supp. 2d 211, 220 (S.D.N.Y. 2000) (preliminarily enjoining defendants from facilitating copyright infringement despite defendants' objections that they were engaged in protected speech); Salinger v. Colting, 607 F.3d 68, 81 (2d Cir. 2010) ("[D]efendant [to a copyright suit] has a core First Amendment interest in the freedom to express him or herself, so long as

---

We also note that while the Circuit will ultimately determine whether to accept defendant's repeated assertions that he is entitled to a de novo review of this Court's factual findings, the possibility that the Circuit may review the facts of this case anew does not alter the Court's conclusion that defendant's chances on appeal are slim.

that expression does not infringe the plaintiff's copyright.") (emphasis added).

Because the "most critical factors" militate against granting the defendant's motion, the Court could conclude its analysis here. However, we will add that the final two factors -- whether the issuance of a stay will substantially injure the other parties interested in the proceeding, and wherein lies the public interest -- also counsel against granting the defendant's motion to stay. Both the plaintiff and the public have an obvious and genuine interest in preventing the defendant from using plaintiff's copyrighted material in violation of the Copyright Act. See U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc., No. 04 Civ. 1233 (MHD), 2007 WL 747794, at *2 (S.D.N.Y. Mar. 12, 2007).

For these reasons, defendant's motion relating to the Court's judgment granting injunctive relief is denied.

### B. Money Judgment

Rule 62(d) applies where the movant seeks to stay the execution of money judgments pending appeal, and provides that "the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d); see Butler v. Ross, 2017 WL 6210843 (DLC), at *2 (S.D.N.Y. Dec. 7, 2017). The purpose of Rule 62(d) is to ensure that the party prevailing recovers in full while also protecting the appellant from the risk that payment of the judgment cannot

be recouped if the decision is ultimately reversed.  See Nassau Cty., 783 F.3d at 417; see also Moore v. Navillus Tile, Inc., No. 14 Civ. 8326 (CM), 2017 WL 4326537, at *1 (S.D.N.Y. Sept. 28, 2017) ("Significantly, the bond requirement is not designed to protect the judgment debtor's ability to continue in business . . . .").

Courts have discretion to waive or modify the supersedeas bond requirement, but only where the court finds that there are alternative means of securing the judgment for the prevailing party.  Nassau Cty., 783 F.3d at 417; see also Peacock v. Thomas, 516 U.S. 349, 359 (1996) ("[T]he Rules require the district court ensure that the judgment creditor's position is secured, ordinarily by a supersedeas bond.").  In determining whether to exercise their discretion under Rule 62(d), courts consider the following non-exhaustive list of factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Nassau Cty., 783 F.3d at 418 (finding that the newly announced framework "more directly address[es] the primary purpose of Rule 62(d)" than the traditional stay factors used under Rule 62(c)).

8

Applying these factors, the court in Nassau County found that "there [was] no practical reason to require [the appellant] to post a bond" where the appellant had demonstrated the existence of the necessary funds and could pay the judgment without delay or difficulty. Id. at 418. Unlike in Nassau County, here the defendant avers that he is unable to pay the $33,371.98 judgment in support of his motion for a stay. See Def.'s Mot. 16, 19, ECF No. 229. The defendant's concession is determinative of the second, third, and fourth factors of the Nassau County framework, and assures the Court that a "bond is necessary to safeguard [plaintiff's] recovery." John Wiley & Sons, Inc., 2018 WL 3956508, at *27 ("In fact, a concession of inability to pay is often 'determinative' in this inquiry."); Moore, 2017 WL 4326537, at *2. Further, the defendant has not made any showing that, in the unlikely event that he does prevail on appeal, he will encounter difficulty recouping the money judgment from the plaintiff. The defendant's conclusory assertion that the judgment will affect the security of his creditors does not alter this conclusion. See John Wiley & Sons, 2018 WL 3956508, at *28 ("And even if the fifth factor favors a stay without bond, it does not outweigh the other factors.").

Because the defendant fails to demonstrate that the judgment in favor of the plaintiff would be adequately secured

9

absent the posting of a <u>supersedeas</u> bond, the Court denies defendant's motion to stay the execution of the judgment for monetary relief.[3]

### III. Conclusion

For the foregoing reasons, the defendant's motion for a stay of the execution of the judgment pending his appeal without the posting of a bond is denied.

**SO ORDERED.**

Dated:   New York, New York
         October **10**, 2018

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3] In support of his motion, the defendant makes several references to the absence of a jury trial. See, e.g., Def.'s Mot. 12, ECF No. 229; Def.'s Reply 14, ECF No. 236. We appreciate that as a <u>pro se</u> defendant Mr. Lagerstrom does not understand that summary judgment can be issued where there are no genuine disputes as to any material fact – even where a party requests a jury trial in its initial pleadings. Fed. R. Civ. P. 56. Moreover, we were quite forthright with the defendant in our letter of May 15, 2018, in which we proposed procedures for reviewing and deciding plaintiff's motion for equitable and monetary relief and gave the defendant an opportunity to object to the proposed procedure. Letter, ECF No. 223. Defendant failed to object, and as such waived any right he had to a jury trial on the issue of damages. See <u>Gusler v. City of Long Beach</u>, 715 F. App'x 68, 69-70 (2d Cir. 2018) (summary order) (finding that a party waived his right to a jury when he received adequate notice that the court was making a finding of fact in a nonjury proceeding but failed to raise an objection).

**Attorney for Plaintiff**

Danny Jiminian, Esq.
Jiminian Law PLLC


**Defendant (*pro se*)**

Benjamin F Lagerstrom


**Copies of the foregoing Memorandum and Order have been mailed on this date to the following:**

Benjamin F. Lagerstrom
529 W. 29th Street PHD
New York, NY 10001

Benjamin F. Lagerstrom
201 W. 92nd Street Apt. 6B
New York, NY 10025