UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSEPH FRYE,

                Plaintiff,

    - against -           **MEMORANDUM AND ORDER**

BENJAMIN F. LAGERSTROM, a.k.a    15 Civ. 5348 (NRB)
BENJAMIN IRISH, and DIANACOLLV, INC.,

                Defendants.
------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    On August 31, 2017, this Court granted plaintiff Joseph Frye's motion for summary judgment on his copyright infringement and breach of contract claims against defendants Benjamin Lagerstrom and Dianacollv, Inc. ("Dianacollv"). See ECF No. 214. Defendant appealed the final judgment entered for plaintiff. See ECF No. 230. On appeal, the Second Circuit, in a summary order, vacated the Court's grant of plaintiff's motion for summary judgment on the ground that defendant Lagerstrom had not been properly advised of his obligation, in responding to plaintiffs' motion, to present counter-affidavits or other documentary evidence as to every genuine issue of material fact that he wished to preserve for trial: often called a "Vital notice." Frye v. Lagerstrom, 778 F.App'x 13, 15 (2d Cir. 2019).

    Shortly after this case was remanded, the Court issued an Order directing plaintiff Frye to refile a motion for summary

judgment and setting forth a briefing schedule. See ECF No. 241. To cure the defect identified by the Second Circuit, the Court enclosed in that Order a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" and the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Id. at 3-8. Before the Court is the plaintiff's renewed motion for summary judgment on his copyright infringement and breach of contract claims against defendants Benjamin Lagerstrom and Dianacollv, Inc. See ECF No. 246.

To put this opinion in context, the Court recites here a summary of its Memorandum and Order of August 31, 2017 ("M&O"). This action arises out of an agreement that the parties entered in connection with the production of a short film, entitled Homeless: A Love Story ("HALS"). See M&O (ECF No. 214) at 3. Under the agreement, defendants Lagerstrom and Dianacollv would provide video production services in the form of equipment, cast, and crew. Id. In exchange, plaintiff Frye would provide, inter alia, meals, a makeup artist, and participation credit to the crew. Id. The agreement further provided that "all footage and material being part of" the agreement would be the property of Frye and that Dianacollv "will not distribute or display such footage in any way other than as an example/demonstration of [Dianacollv's] work establishing their efforts of such." Id. The shooting of HALS took place in late September 2014. Id. at

2

4. On October 12, 2014, Lagerstrom, under an alias, published on the website YouTube a video that was composed entirely of footage from HALS shooting. Id. Frye completed his editing of the footage and received certificates of copyright registration for the script and the motion picture of HALS on December 26, 2014 and January 20, 2015, respectively. Id. at 5. Even after Frye obtained copyright registration of HALS, Lagerstrom published online four additional videos that incorporated footage from HALS. Id. Eventually, Frye commenced this action by filing a complaint on July 10, 2015, asserting claims of copyright infringement and breach of contract. Id. at 6.

In the M&O, we addressed various motions by the parties, including plaintiff's motion for summary judgment on his claims and his motion to dismiss defendant Lagerstrom's counterclaims under 18 U.S.C. § 241 and the United States Constitution.[1] In granting plaintiff's motion for summary judgment, the Court relied on the plaintiff's Rule 56.1 statement of material facts because Lagerstrom failed to submit a Rule 56.1 Counterstatement of material facts and did not otherwise meritoriously rebut the assertions in the plaintiff's Rule 56.1 statement. See M&O at 2

---

[1] Although Dianacollv was served on September 12, 2015, see ECF No. 36, it has never submitted an answer to the complaint or otherwise appeared in this action. A certificate of default was issued against it on November 24, 2015. See ECF No. 50. Plaintiff moved for a default judgment against Dianacollv prior to his motion for summary judgment against Lagerstrom. See ECF No. 56. The Court, however, denied that motion without prejudice on December 18 2015, based on its preference to resolve all claims against nondefaulting defendants before entering a default judgment against Dianacollv. See ECF No. 60. Dianacollv remains in default.

("The following facts are taken from plaintiff's unrebutted Rule 56.1 Statement")(emphasis added). The Court also granted plaintiff's motion to dismiss defendant Lagerstrom's counterclaims on the grounds that the criminal statute cited by defendant did not provide a private cause of action and Frye was not a state actor that could be held liable for the alleged violations of defendant's constitutional rights. Id. at 11-12.

Once again defendant failed to submit a response to the plaintiff's Rule 56.1 Statement of Material Facts ("Rule 56.1 Statement"). "[P]roceeding pro se does not otherwise relieve [defendant] from the usual requirements of summary judgment." Fitzpatrick v. N. Y. Cornell Hosp., No. 00 Civ. 8594(LAP), 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003). Therefore, the Court accepts all facts asserted by plaintiff in his Rule 56.1 Statement as true in resolving this motion as long as they are supported by the record. See T.Y. v. New York City Dep't of Ed., 584 F.3d 412, 418 (2d Cir. 2009)("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."); see also, Wali v. One Source Co., 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009)(holding that, once a pro se litigant is on notice of the requirements of Rule 56 and Local Civil Rule 56.1, he is "not excused from meeting the requirements of Local Rule 56.1."). Still, appreciating the

4

fact that defendant Lagerstrom is proceeding here pro se, the Court construes defendant's submissions "liberally and interpret[s] them to raise the strongest arguments that they suggest." Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999)(internal quotation marks and citations omitted).

The plaintiff's submissions for this motion are virtually identical to those filed in support of his previous motion for summary judgment. The only difference is an additional assertion in his affidavit that defendant Lagerstrom has been making misrepresentations on his website about this lawsuit and his involvement in HALS. See Frye Aff. (ECF No. 248) ¶ 38. Therefore, we limit our discussion here to the issues newly raised by defendant in connection with the present motion and otherwise rely on our Memorandum and Order of August 31, 2017.[2]

First, again reading Lagerstrom's submissions generously, Lagerstrom appears to suggest that he entered into the Crew Agreement based on an understanding that Frye was acting as an agent of CBS/Showtime. However, the exhibits cited by defendant, even when viewed most favorably to him, only suggest that plaintiff was associated with CBS/Showtime during the relevant period, which plaintiff does not dispute. Frye Aff. (ECF No. 248) ¶ 5. Defendant also asserts in his motion papers

---

[2] Capitalized terms not specifically defined herein refer to those terms as defined in our Memorandum and Order of August 31, 2017.

5

a number of allegations suggesting that plaintiff made misrepresentations about the HALS project before the parties entered the Crew Agreement but fails to cite any evidence in the record to support those allegations.[3]

Second, defendant's argument that plaintiff cannot assert any claim based on his copyright in HALS because plaintiff's production of HALS was in violation of the CBS Business Conduct Statement—which plaintiff was bound by as an employee of Showtime, a subsidiary of CBS—is without merit. The portions of Statement cited by defendant do not "forbid," as argued by defendant, but in fact only requires a disclosure of certain activities. Plaintiff maintains that he disclosed the HALS project to Showtime twice before the parties signed the Crew Agreement: once in July 2014 and once more in September 2014. Frye Aff. ¶ 13. Defendant attempts to dispute this assertion by contending that the assertions in the plaintiff's affidavit are false but fails to provide any evidence in support of his contention of falsity.

---

[3] In Exhibit F to his opposition, Lagerstrom submitted sworn affidavits of Margaret Germosen (a/k/a Margarita Dominguez), who starred in HALS, and her agent Leon Lopez III, who claims to have participated in the production of HALS as a cameraman. These affidavits include a set of factual allegations suggesting that plaintiff failed to fulfill his obligations under the Crew Agreement. Neither category is relevant here. This set of allegations is irrelevant so far as New York law does not allow the equitable defense of unclean hands in an action for damages for breach of contract. See Manshion Joho Ctr. Co., Ltd. v. Manshion Joho Ctr., Inc., 806 N.Y.S.2d 480, 482 (N.Y. App. Div. 1st Dep't 2005).

Third, defendant asks the Court to revoke the plaintiff's copyright registration of HALS pursuant to 17 U.S.C. § 411(b)(2). See Def.'s Opp'n at 12. First of all, defendant fails to cite, and the Court is not aware of, any authority allowing the Court to cancel a copyright registration. See Pastime LLC v. Schreiber, No. 16 Civ. 8706(JPO), 2017 WL 6033434, at *3 (S.D.N.Y. Dec. 5, 2017)(concluding that a federal district court does not have an authority to cancel copyright registrations). Even were we to consider defendant's argument simply as an attempt to invoke the procedure specified in 17 U.S.C. § 411(b)(2), we would have rejected it. Contrary to defendant's reading, Section 411(b)(2) simply requires a district court to solicit the advice of the Copyright Office when it is alleged that the application for the copyright at issue contained inaccurate information. 17 U.S.C. § 411(b)(2). Before launching this process, however, "a district court may require a litigant to demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office." Palmer/Kane LLC v. Rosen Brook Works LLC, 188 F. Supp. 3d 347, 349 (S.D.N.Y. 2016)(citing DeliverMed Holdings, LLC v. Schaltenbrand, 734 F.3d 616, 625 (7th Cir. 2013)). Defendant cites the plaintiff's sole ownership of the copyright in HALS as a proof of inaccuracy in the plaintiff's

7

application for copyright registration of HALS. However, defendant fails to explain why that is the case: in fact, the Showtime's letter and the Crew Agreement both support a conclusion that plaintiff is the sole owner of the copyright in HALS. Defendant appears to argue that the plaintiff's failure to include Showtime as a co-owner in his copyright application amounted to an inaccuracy because plaintiff used Showtime's resources in producing HALS. Defendant cites the affidavits in Exhibit F to his opposition in support of this contention. Even assuming that some of Showtime's resources had been used in developing the HALS project, as claimed by defendant, defendant still fails to come forward with any evidence to dispute the Showtime's express disclaimer of any interest in HALS. Pl. Rule 56.1 Stmt. ¶ 28. Further, defendant fails to adduce any evidence suggesting that plaintiff knowingly omitted Showtime as a co-owner of the copyright in HALS in filing his application. In sum, defendant fails to carry his burden under 17 U.S.C. § 411(b)(2), and the Court therefore declines to solicit advice from the U.S. Copyright Office in resolving this motion.

Lastly, defendant claims that his use of HALS was protected under the First Amendment to the United States Constitution in that his use was intended to inform the public about plaintiff's practice of plagiarizing other films produced by CBS/Showtime. Defendant's argument is without merit. The unrebutted Rule 56.1

8

Statement provides that defendant used the footage of HALS in his own videos with separate titles. Pl.'s 56.1 Stmt. ¶¶ 29-36. Defendant does not point to any evidence showing that his own videos made any reference to the plaintiff's alleged plagiarism of the films produced by CBS/Showtime or even the issue of plagiarism as a general matter.[4]

For the foregoing reasons and the reasons stated in our Memorandum and Order of August 31, 2017, the Court grants plaintiff's motion for summary judgment. Having addressed the renewed motion for summary judgment, having reached the same result and having previously addressed the issue of appropriate relief, the Court perceives no reason that a judgment identical to the one previously entered (ECF No. 227) should not be once again entered by the Clerk of Court, after which the case should be closed.

**SO ORDERED.**

Dated:     New York, New York
           December 23, 2019

                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

---

[4] In Exhibit K to his opposition, defendant attached a scanned copy of two pages from his book Margarita's Millions. See ECF No. 243-2 at 1-2. Page 91 of his book contains a sentence claiming similarities between HALS and other two videos allegedly produced by CBS: Ruby and Homeless Love. Id. at 2. The pages in the exhibit, however, do not raise the plagiarism issue. They rather appear to parrot defendant's allegations about plaintiff's association with CBS/Showtime in connection with the HALS project, which we have already discussed above.

**Attorney for Plaintiff**

Danny Jiminian, Esq.
Jiminian Law PLLC


**Defendant (*pro se*)**

Benjamin F Lagerstrom


**Copies of the foregoing Memorandum and Order have been mailed on this date to the following**:

Benjamin F. Lagerstrom
529 W. 29th Street PHD
New York, NY 10001

Benjamin F. Lagerstrom
201 W. 92nd Street Apt. 6B
New York, NY 10025