```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
JOSEPH FRYE,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
         - against -
                                            15 Civ. 5348 (NRB)
BENJAMIN F. LAGERSTROM, a.k.a
BENJAMIN IRISH, and DIANACOLLV, INC.,

                    Defendants.
------------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pending before the Court is plaintiff Joseph Frye's motion for attorneys' fees. The Court detailed the background of this case in its Memorandum and Order of December 23, 2019, granting plaintiff's renewed motion for summary judgment. See ECF No. 251. The Court assumes familiarity with this decision and states here only those facts necessary to resolve this application.

On August 31, 2017, the Court issued a Memorandum and Order, granting, inter alia, plaintiff Joseph Frye's motion for summary judgment on his copyright infringement and breach of contract claims against defendants Lagerstrom and Dianacollv, Inc. See ECF No. 214. On June 27, 2018, the Court issued another Memorandum and Order, awarding plaintiff, inter alia, $21,450 in attorneys' fees under 17 U.S.C. § 505. See ECF No. 226. A final judgment for plaintiff was entered on June 28,

2018, see ECF No. 227, and defendant Lagerstrom appealed. See ECF No. 230. On appeal, the Second Circuit vacated the Court's grant of plaintiff's motion for summary judgment on the ground that defendant Lagerstrom had not been properly advised of his obligation, in responding to plaintiff's motion, to present counter-affidavits or other documentary evidence as to every genuine issue of material fact that he wished to preserve for trial: often called a "Vital notice." Frye v. Lagerstrom, 778 F. App'x 13, 15 (2d Cir. 2019).

Shortly after this case was remanded, the Court issued an Order directing plaintiff Frye to refile his motion for summary judgment. See ECF No. 241. To cure the defect identified by the Second Circuit, the Court enclosed in that Order a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" and the full texts of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, and mailed the Order to defendant. Id. at 3-9. Plaintiff filed a renewed motion for summary judgment on October 11, 2019, see ECF No. 246, which the Court granted in its Memorandum and Order of December 23, 2019. See ECF No. 251. Having reached the same result and having previously addressed the issue of appropriate relief, the Court directed the Clerk of Court to enter a judgment identical to the one previously entered, id. at 9, which included an award of $21,450 in attorneys' fees.

Defendant Lagerstrom filed a notice of appeal on December 30, 2019, see ECF No. 253, and his appeal is currently pending before the Second Circuit. Thereafter, on February 3, 2020, plaintiff filed this motion for additional attorneys' fees in excess of the amount previously awarded by the Court. See ECF No. 256. Although the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982), "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004). Therefore, the Court has jurisdiction over this motion.

As discussed above, a renewed motion for summary judgment was necessary in this action because defendant Lagerstrom had not been provided with a Vital notice by plaintiff's counsel when plaintiff filed his initial motion for summary judgment as he was required to do by the Local Civil Rule 56.2 of this District, which in relevant part, provides that:

> Any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R.

3

Civ. P. 56 and Local Civil Rule 56.1 attached.

Had plaintiff complied with this Rule in making his initial motion for summary judgment back in 2016, any filing subsequent to the Court's Memorandum and Order of June 27, 2018 might have been unnecessary. Under the circumstances, an award of additional attorneys' fees incurred by plaintiff is unwarranted. Therefore, plaintiff's motion for additional attorneys' fees is denied. This Memorandum and Order resolves ECF Docket Entry No. 256.

**SO ORDERED.**

Dated:   New York, New York
         March 23, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**Attorney for Plaintiff**

Danny Jiminian, Esq.
Jiminian Law PLLC


**Defendant (*pro se*)**

Benjamin F Lagerstrom


**Copies of the foregoing Memorandum and Order have been mailed on this date to the following**:

Benjamin F. Lagerstrom
529 W. 29th Street PHD
New York, NY 10001

Benjamin F. Lagerstrom
201 W. 92nd Street Apt. 6B
New York, NY 10025